```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT

UNITED STATES OF AMERICA      :
                              :
     v.                       :
                              :     MISC. NO. 1:06MC55
JEROME GREENBERG and          :
BRATTLEBORO SAVINGS AND       :
LOAN ASSOCIATION              :
_____:
```

                     RULING ON MOTION TO QUASH
                             (Paper 7)

In August 1995, the defendant pled guilty to one count of mail fraud in the U. S. District Court for the Eastern District of New York. On February 12, 1996, the court imposed a judgment which included a condition that the defendant pay his victims any restitution remaining unpaid.

The judgment clearly stated: "[I]t shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release" and that, as an "additional condition[]" he "SHALL MAKE RESTITUTION AS ORDERED ON PAGE 4 OF THIS JUDGMENT." See Judgment (appended to Paper 9 as Ex. A) (emphasis in original). "PAGE 4" specifically lists the defendant's victims and the amounts they are owed. Id.

On December 11, 1998, while the defendant was on supervised release, the U.S. Attorney for the Eastern District of New York filed a Notice of Lien on the land record of the Town of Brattleboro in the amount of $848,562.06. The lien, filed

1

pursuant to 18 U.S.C. § 3613(a)(1995), attached to all the defendant's real and personal property and is treated like a notice of tax lien under 18 U.S.C. § 3613(c).

The defendant has moved to quash the Government's garnishment of his bank account, and essentially asks the Court to relieve him of the obligation to continue paying restitution as ordered by the U.S. District Court for the Eastern District of New York.  The gravamen of his argument is that his "restitution obligations ceased with his last payment in June 2002," Paper 7 at 1, because, on its face, "[t]he restitution order did not require full payment of victims' losses and only required [him] to pay fifteen percent of his gross monthly salary for five years."  See Paper 7 at 6.

Applicable law indicates the lien on defendant's property remains currently enforceable.  "A fine imposed . . . or an order of restitution made . . . is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986."  18 U.S.C. § 3613(c).  Under 18 U.S.C. § 3612(b), "[t]he liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined."  18 U.S.C. § 3612(b).  Furthermore, "[i]n accordance with section

3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution."  18 U.S.C. § 3613(f).

Thus, the Second Circuit has suggested that, under these circumstances, the Government's lien remains effective "unless sooner satisfied, remitted, or set aside,. . . until 20 years after the judgment . . .".  United States v. Berardini, 112 F.3d 606, 611 (2d Cir. 1997).  Other circuits which have considered the issue have agreed.  See, e.g., United States v. Rostoff, 164 F.3d 63, 66 (1st Cir. 1999) ("the Rostoffs contend that the order of restitution terminated at the end of their period of supervised release and is therefore uncollectible.  Their reliance is misplaced . . ."); United States v. House, 808 F.2d 508, 511 (7th Cir. 1986) (a statute which limits the duration of a grace period for payment, in effect, "does not terminate the obligation to make restitution.").

The defendant also argues that federal laws, including the Federal Debt Collection Act, prohibits the Government from enforcing restitution by garnishing his Social Security benefits.  See Paper 7-1 at 10.  The defendant's argument notwithstanding, the Government asserts it is "not" garnishing his Social Security benefits.  See Paper 9 at 12; accord Paper 12 at 1 ("after further inquiry counsel has determined that the benefits received by Mr. Greenberg are not Title XVI payments" but rather payments

under Title II).  Title II Social Security payments are not exempt from a lien for a fine or restitution.  See 18 U.S.C. § 3613(c) and 26 U.S.C. § 6334(c).

In any event, the garnishment in this case applies generally to money in the defendant's bank account, a fact which renders the funds available for the purpose of enforcing a criminal judgment.  Cf. Lockhart v. United States, 126 S. Ct. 699, (2005) (The government may offset Social Security benefits to collect a student loan debt outstanding for over 10 years.); L.I. Trust Co. V. U.S. Postal Serv., 647 F.2d 336 (2d Cir. 1981) (the Consumer Credit Protection Act only applies to the garnishment of "wages").

Finally, the Court rejects the defendant's equitable arguments.  See Paper 7-1 at 10 et seq.  The record before the Court does not indicate this defendant is destitute.  His victims, furthermore, lost thousands of dollars and are entitled to restitution.  In short, there is no apparent reason why the defendant should be entitled to preserve his bank accounts, to the detriment of the victims of his crime.

The Motion to Quash is DENIED, and the defendant's Objections to the Application for Writ of Continuing Garnishment are overruled.

SO ORDERED.

Dated at Brattleboro, Vermont, this 20th day of October, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge