```
                   UNITED STATES DISTRICT COURT
                       DISTRICT OF VERMONT

UNITED STATES OF AMERICA,       :
          Plaintiff             :
                                :
     v.                         :
                                :  Misc. No. 1:06MC55
JEROME GREENBERG,               :
          Defendant             :
                                :
and                             :
                                :
BRATTLEBORO SAVINGS AND LOAN    :
ASSOCIATION, and its successors :
or assigns,                     :
          Garnishee             :
_____:
```

## RULING ON MOTION TO RECONSIDER
## (Paper 19)

On October 20, 2006, the Court denied the defendant's Motion to Quash the Government's garnishment of his bank account, and overruled his objections to the Government's Application for a Writ of Continuing Garnishment.  See Ruling on Motion to Quash (Paper 17); see also Order Re Writ of Garnishment (Paper 20).

Asserting the Court overlooked three issues, Mr. Greenberg has moved for reconsideration of its Ruling on his Motion to Quash.  The Court considers his arguments in turn.

### I. Right to a Hearing

Mr. Greenberg argues the Court overlooked his "legal right and request for a hearing to argue the Motion to Quash . . . ." Paper 19 at 2.  In cases such as this, a defendant is entitled to a hearing on the following, "limited" issues:

1

> (1) to the probable validity of any claim of exemption by the judgment debtor;
>
> (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
>
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to –
>
>> (A) the probable validity of the claim for the debt which is merged in the judgment; and
>>
>> (B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202(d). Thus, "[a] hearing under the FDCPA is limited to the determination of whether the property is subject to a valid claim of exemption, whether the government complied with the statutory requirements for the issuance of a writ, and, if the judgment was by default, whether there exists good cause for setting aside the judgment." United States v. Furkin, 165 F.3d 33, *4 (7th Cir. 1998)(Table).

Mr. Greenberg's request does not implicate any of the bases for granting a hearing. The gravamen of his Motion to Quash was the legal argument that his restitution obligation had expired based upon the language in his judgment of conviction. As explained infra, his claim of exemption is patently without legal merit. Under these circumstances, the Court is not required to hold a hearing. See United States v. Rostoff, 164 F.3d 63, 66 (1st Cir. 1999) (argument that a restitution obligation ends at

the termination of supervised release is "purely a matter of statutory interpretation"); <u>United States v. Smith</u>, 88 Fed. Appx. 981 (8th Cir. 2004) ("The district court did not err in denying Smith's request for a hearing.  In her objection, she did not dispute that the fine had been imposed and not paid; rather, she sought to challenge the validity of the fine imposed, which she may not do in a FDCPA hearing.").

## II. Asserted Error of Law

The defendant also maintains the Court overlooked relevant law suggesting his restitution obligation "must end within five years after the term of imprisonment."  Paper 19 at 3 (emphasis omitted).  He argues the Court overlooked the fact that his restitution obligation is "governed by § 3663(f)(2)."  Paper 19 at 4.

The Court has already determined defendant's argument is flawed.  Rejecting an argument similar to that made by Mr. Greenberg, the First Circuit found 18 U.S.C. § 3663(f)(2) does not govern the time in which a restitution order may be enforced; it only addresses the authority of a sentencing court to impose restitution. <u>See</u> <u>Rostoff</u>, 164 F.3d at 66.  The <u>Rostoff</u> Court further explained:

> The Rostoffs argue that 18 U.S.C. § 3663(f)(2) governs
> the time in which the restitution order may be
> enforced.  Under their view, the unpaid restitution
> obligation was not delinquent at the end of the period
> of supervised release.  Rather, it ceased to exist.

> We do not agree.  The fact that the last payment of restitution is <u>due</u> at the end of supervised release has nothing to do with the duration or expiration of the restitution order. . . .  Common sense dictates that failure to pay at the time due renders payment overdue; it does not abate the obligation entirely.

<u>Id.</u> (emphasis in original; citation omitted).  The defendant has identified no other error of law requiring further reconsideration of this issue.

### III. Overlooked Asserted Required Exemption

Lastly, Mr. Greenberg argues the Government's garnishment involves exempt Social Security payments.  <u>See</u> Paper 19 at 4-5.  Under 26 U.S.C. § 6334(c), "[n]otwithstanding any other law of the United States (including section 207 of the Social Security Act), no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)."  The benefits about which defendant argues do not appear in subsection (a).  The Court, therefore, found this argument to be without merit.

The Motion to Reconsider is DENIED.

SO ORDERED.

Dated at Brattleboro, Vermont, this 22nd day of December, 2006.

/s/ J. Garvan Murtha  
J. Garvan Murtha  
United States District Judge

4